IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ISHWADE SUBRAN | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-335 |
| DIRECTOR, MONTGOMERY PROCESSING CTR. | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Ishwade Subran, a detainee confined at the Montgomery Processing Center in Conroe, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Analysis

To entertain a habeas petition brought under 28 U.S.C. § 2241, the district court must have jurisdiction over the prisoner. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). Accordingly, a prisoner must file a § 2241 petition in the district where he is incarcerated. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001); *Gabor*, 905 F.2d at 78. If the petitioner files in another district, that court lacks jurisdiction over the petition. *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985). If the court in which the petition was filed lacks jurisdiction, 28 U.S.C. § 1631 permits the court to transfer the action, in the interest of justice, to a court where the action could have been brought.

After reviewing the pleadings, the court has concluded that jurisdiction is not proper in the Eastern District of Texas because Petitioner is confined in Conroe, Texas, which is located in the Southern District of Texas. The court has considered the circumstances and has determined that the

Petition should be transferred to the Southern District of Texas, where Petitioner is confined. It is accordingly

**ORDERED** that this Petition for Writ of Habeas Corpus is **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 30th day of September, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE